UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL TRUST INSURANCE COMPANY, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | CIVIL ACTION NO._____ |
| FIGURE FOUR PARTNERS, LTD. and PSWA, INC., | | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

TO THE UNITED STATES DISTRICT COURT:

National Trust Insurance Company ("NTIC") files this Complaint for Declaratory Judgment and respectfully shows:

### I.

### THE PARTIES

1.1 Plaintiff NTIC is a citizen of the State of Florida and the State of Indiana because it is an insurance company incorporated under the laws of the State of Indiana and its principal office is in Sarasota, Florida. 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.,* 706 F.2d 633, 637 (5th Cir. 1983) (a corporation is a citizen of its state of incorporation and principal place of business).

1.2 Figure Four Partners, Ltd. ("FFP") is a limited partnership that is a citizen of the State of Texas because its sole partner is PSWA, Inc., a company incorporated under the laws of the State of Texas and is domiciled in the State of Texas with its principal place of business in

**COMPLAINT FOR DECLARATORY JUDGMENT—Page 1**

Houston, Texas. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990) (a limited partnership is a citizen of the state of which each of its partners is a citizen). FFP's principal office is located in Houston, Texas. It may be served with process by serving its registered agent, Michael Brisch, at 9000 Gulf Freeway, 3rd Floor, Houston, Texas, 77017.

1.3     PSWA, Inc. ("PSWA") is a citizen of the State of Texas because it is a company incorporated under the laws of the State of Texas and is domiciled in the State of Texas with its principal place of business in Houston, Texas. It may be served with process by serving its registered agent, Michael Brisch, at 9000 Gulf Freeway, 3rd Floor, Houston, Texas, 77017.

## II.

## JURISDICTION

2.1     The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction is also proper because the issues presented in this suit are ripe for adjudication.

## III.

## VENUE

3.1     Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(a)(1) because a substantial part of the events or omissions giving rise to the controversy occurred in Montgomery County, Texas. The underlying lawsuits at issue in this declaratory judgment action were filed in Harris County, Texas.

3.2     An actual controversy exists between the parties hereto within the meaning of 28 U.S.C. §2201, and this Court is, therefore, vested with the power in the instant case to declare and

adjudicate the rights and other legal relationships of the parties in this action with reference to the issues raised by this Complaint.

## IV.

## BACKGROUND

4.1     This matter is brought to determine NTIC's obligations, if any, to FFP and PSWA (collectively, "the Developers") under commercial general liability policy number CPP100039482-01 ("the Primary Policy") issued to Rebel Contractors, Inc. ("Rebel") and umbrella policy number UMB100022939-02 ("the Umbrella Policy") also issued to Rebel for claims asserted against FFP and PSWA in lawsuits arising out of land development project.

4.2     The Woodridge Municipality Utility District ("the Owner" or "the MUD") contracted with Rebel ("the Agreement") to perform work in connection with a real estate development referred to as "the Woodridge Village Development" located to the North of Elm Grove subdivision near Kingwood, Texas. Specifically, the general scope of Rebel's work under the Agreement as: "CONSTRUCTION OF THE WATERLINE RELOCATION AND DETENTION PONDS TO SERVE WOODRIDGE VILLAGE SOUTH PHASE DETENTION FOR WOODRIDGE MUNICIPAL UTILITY DISTRICT, MONTGOMERY County, Texas." (*See* the "Agreement," attached as Exhibit "1"). The Agreement also provides, in part, that FFP "shall be considered the 'Owner' for purposes of approving requests for and making payments to the Contractor [Rebel] of all or any portion of the Contract Price." (Exhibit "1").

4.3     On May 7, 2019, homes in the Elm Grove subdivision flooded during heavy rains. The Elm Grove homeowners contend that the flooding was caused by the clearing, grading, drainage, and other real estate development activities taking place in connection with the adjacent Woodridge Village Development. A second flooding event occurred on September 19, 2019

during Tropical Storm Imelda. The Elm Grove homeowners again blamed the flooding on the ongoing development work and inadequate drainage at the Woodridge Village Development.

4.4 Numerous Elm Grove homeowners ("Homeowner Plaintiffs") filed lawsuits in Harris, County, Texas arising out of the flooding events. The lawsuits were consolidated into one matter, *Becker, et al. v. Figure Four, Ltd., et al*, Cause No. 2019-36139, in Harris County District Court (the "Woodridge Village Lawsuit").

4.5 In the live pleading, the Fifth Amended Petition (attached as Exhibit "2"), the Homeowner Plaintiffs sued the Developers, Rebel, Double Oak Construction, Inc., Texasite, L.L.C., and LJA Engineering, Inc. The Homeowner Plaintiffs allege that FFP[1] hired the engineer to construct the plans for the development and was "in charge" of supervising the engineer, LJA. Further, the Homeowner Plaintiffs contend that the Developers and LJA hired Rebel and the other contractors to prepare the property for construction of a residential development. The Homeowner Plaintiffs allege that the defendants removed trees, trenched out areas, altered the slope of the land, and altered existing water channels on the Woodridge Village Development, which caused the rainwater to drain onto the adjacent Elm Grove neighborhood flooding it.

4.6 The Homeowner Plaintiffs assert causes of action against the Developers for nuisance, negligence, negligent retention, negligent supervision, negligence per se, and gross negligence based on the allegedly improper development of the adjacent Woodridge Village Development and the retention and failure to supervise the engineer and the contractors. The Homeowner Plaintiffs assert causes of action against "the contractor defendants," including Rebel, for nuisance, negligence, negligence per se, and gross negligence based on their alleged acts

---

[1] Homeowner Plaintiffs allege that PSWA is a subsidiary of FFP.

**COMPLAINT FOR DECLARATORY JUDGMENT—Page 4**

causing water to runoff into the Elm Grove neighborhood and failing to take actions to protect the water runoff from flooding their homes.

4.7   NTIC is defending its insured, Rebel, in the Woodridge Development Lawsuit subject to a reservation of rights.  Developers have served written demands on Rebel and NTIC, asserting that: (1) Rebel must indemnify them pursuant to a contractual indemnity provision in the Agreement, and (2) Developers are entitled to a defense and indemnity as additional insureds to the Primary Policy and the Umbrella Policy.

## V.
## DECLARATORY RELIEF REQUESTED

A.   **Indemnity Agreement is Unenforceable Pursuant to the Texas Anti-Indemnity Act**[2]

5.1   Developers contend that NTIC's insured, Rebel, must defend and indemnify them from the claims asserted against Developers based on the following provisions contained in the Agreement:

> Notwithstanding any other items, conditions, or provisions of the General or Special Conditions or any other provisions of the Contract Documents to the contrary, Woodridge Municipal Utility District ("District") shall be deemed and considered as Owner for all purposes under the Contract Documents, except as provided herein.
>
> I.   Figure Four Partners, LTD., a Texas Limited Partnership ("Developer") shall be considered the "Owner" for purposes of approving requests for and making payments to the Contractor of all or any portion of the Contract Price and for paying all damages, if any, that might ever be due or payable by the District, . . .
>
> * * *
>
> III.   **IN CONSIDERATION FOR PAYMENT AND ACCESS PROVISIONS DESCRIBED ABOVE, DEVELOPER [FFP], ITS OFFICERS, DIRECTORS AND EMPLOYEES, SHALL BE INCLUDED AS INDEMNIFIED PARTIES AND ADDITIONAL INSUREDS AND SUBJECT TO ALL RIGHTS AFFORDED THEREBY UNDER THE CONTRACT DOCUMENTS, IN LAW AND IN EQUITY.** Contractor shall cause Developer, its officers, directors and employees, to be named as additional insureds to the same extent and in the same

---

[2] Chapter 151, Subchapter C of the Texas Insurance Code is commonly referred to as the "Texas Anti-Indemnity Statute."

**COMPLAINT FOR DECLARATORY JUDGMENT—Page 5**

manner as Contractor is required to cause the District to be named as an additional insured pursuant to the Contract Documents. Contractor shall furnish the Developer with certificates of insurance showing Contractor's procurement of such required insurance.
(Exhibit "1" at Agreement 000003)

\* \* \*

1.01. DEFINITIONS. The following terms shall be defined as described below, unless such definition is expressly modified by the Contract Documents. Any capitalized terms used in the Contract Documents not defined in this section shall have the meaning assigned to such term under the Contract Documents.

\* \* \*

r.  Indemnified Parties. Owner, Engineer, and the officers, directors, managers, members, employees, agents, and representatives of each such party.

\* \* \*

(Exhibit "1" at Agreement 000007)

5.12  INDEMNIFICATION.

Indemnity. TO THE FULLEST EXTENT PERMITTED BY LAW, CONTRACTOR SHALL PROTECT, DEFEND, INDEMNIFY AND HOLD HARMLESS THE INDEMNIFIED PARTIES, FROM AND AGAINST EVERY LOSS, ITEM OF DAMAGE, INJURY, EXPENSE, DEMAND, CLAIM, CAUSE OF ACTION, JUDGMENT OR LIABILITY, OF WHATSOEVER KIND OR CHARACTER, WHETHER ARISING IN CONTRACT OR TORT OR UNDER ANY STATUTE, FOR EVERY ELEMENT OF RECOVERY, WHETHER DIRECT OR INDIRECT, INCLUDING SPECIAL AND CONSEQUENTIAL DAMAGES, AND INCLUDING ALL RELATED FINES, FEES, AND COSTS, TO INCLUDE ALL FEES AND CHARGES OF ENGINEERS, ARCHITECTS, ATTORNEYS AND OTHER PROFESSIONALS AND ALL COURT OR ARBITRATION OR OTHER DISPUTE RESOLUTION COSTS, FOR:

\* \* \*

> (III)  BODILY INJURY TO OR DEATH OF ANY PERSON NOT ENCOMPASSED IN (I), ABOVE, PROPERTY DAMAGE OR ECONOMIC LOSS (INCLUDING LOSS OF USE) CAUSED BY OR ARISING OUT OF ANY NEGLIGENCE, BREACH OF CONTRACT, BREACH OR VIOLATION OF ANY STATUTE, ORDINANCE, GOVERNMENTAL REGULATION, STANDARD, OR RULE, OR

>OTHER FAULT OF THE CONTRACTOR OR ITS EMPLOYEES, AGENTS, OR SUBCONTRACTORS OF ANY TIER, IN ANY WAY RELATED TO THIS CONTRACT OR IN CONNECTION WITH THE PERFORMANCE (OR NONPERFORMANCE) OF THE WORK OR OTHER ACTIVITIES OF THE CONTRACTOR OR ITS EMPLOYEES, AGENTS, OR SUBCONTRACTORS OF ANY TIER, BUT ONLY TO THE EXTENT CAUSED IN WHOLE OR IN PART BY ANY NEGLIGENCE, BREACH OF CONTRACT, BREACH OR VIOLATION OF ANY STATUTE, ORDINANCE, GOVERNMENTAL REGULATION, STANDARD, OR RULE, OR OTHER FAULT OF THE CONTRACTOR OR ITS EMPLOYEES, AGENTS, OR SUBCONTRACTORS OF ANY TIER.
>
>* * *
>
>THIS INDEMNITY OBLIGATION IS INTENDED TO COMPLY WITH CHAPTER 151 OF THE TEXAS INSURANCE CODE, CHAPTER 130 OF THE CIVIL PRACTICE AND REMEDIES CODE AND ANY OTHER APPLICABLE LAW. IT IS AGREED THAT WITH RESPECT TO ANY LEGAL LIMITATIONS NOW OR HEREAFTER IN EFFECT AND AFFECTING THE ENFORCEABILITY OF THIS INDEMNIFICATION OBLIGATION, SUCH LEGAL LIMITATIONS ARE MADE A PART OF THIS INDEMNIFICATION OBLIGATION TO THE MINIMUM EXTENT NECESSARY TO BRING THIS INDEMNIFICATION OBLIGATION INTO CONFORMITY WITH THE REQUIREMENTS OF SUCH LIMITATIONS, AND AS SO MODIFIED, THIS INDEMNIFICATION OBLIGATION SHALL CONTINUE IN FULL FORCE AND EFFECT.

(See Exhibit "1" at Agreement 000021 - 000022)

5.2   Rebel and the MUD contracted to prepare real estate for construction of the Woodridge Development. Chapter 151, Subchapter C of the Texas Insurance Code, referred to as "The Texas Anti-Indemnity Statute," applies to construction contracts,[3] such as the Agreement entered into between Rebel and the MUD. Section 151.102 of the Texas Anti-Indemnity Statute provides as follows:

>Except as provided by Section 151.103, a provision in a construction contract, or in an agreement collateral to or affecting a construction contract, is void and unenforceable as against public policy to the extent that it requires an indemnitor

---

[3] Under Chapter 151, "Construction contract" is defined, in relevant part, as "a contract, subcontract, or agreement, . . . entered into or made by an owner, architect, engineer, contractor, construction manager, subcontractor, supplier, or material or equipment lessor for the design, construction, alteration, renovation, remodeling, repair, or maintenance of, or for the furnishing of material or equipment for, a building, structure, appurtenance, or other improvement to or on public or private real property, including moving, demolition, and excavation connected with the real property."

**COMPLAINT FOR DECLARATORY JUDGMENT—Page 7**

to indemnify, hold harmless, or defend a party, including a third party, against a claim caused by the negligence or fault, the breach or violation of a statute, ordinance, governmental regulation, standard, or rule, or the breach of contract of the indemnitee, its agent or employee, or any third party under the control or supervision of the indemnitee, other than the indemnitor or its agent, employee, or subcontractor of any tier.

§ 151.102 Tex. Ins. Code.

5.3   The Developers, relying on the Agreement's indemnification provision, demand that Rebel indemnify and defend them from the Homeowner Plaintiffs' claims. PSWA is not an "Indemnified Party" per the express terms of the Agreement, which limits that term to Developer's officers, directors and employees. Moreover, under the Texas Anti-Indemnity Statute, the indemnity provision in the Agreement is void and unenforceable to require Rebel to indemnify FFP (or PSWA if it qualified as an "Indemnified Party") for the Homeowner Plaintiffs' claims. Accordingly, NTIC requests a declaration that the indemnity provision is void and unenforceable pursuant to the Texas Anti-Indemnity Statute.

**B.   The Texas Anti-Indemnity Statute Voids the Additional Insured Provision**

5.4   The Developers also contend that NTIC is required to defend and indemnify them against the Homeowners Plaintiffs' claims based on the following provisions contained in the Agreement:

> 3.   <u>Minimum Required Insurance and Minimum Limits of Liability.</u> Before beginning the Work, and throughout performance of the Work and the term of this Agreement, Contractor shall obtain and maintain in force and effect, at Contractor's sole expense, insurance of the following types and amounts from insurance rated by Best's A- and VII or better:
>
> * * *
>
> C.   **Commercial General Liability Insurance,** including coverage for bodily injury and property damage, personal and advertising injury, the products-completed operations hazard, and insured contracts, applicable in Texas, on a form no less broad than that promulgated by the Insurance Services Office dated 2004 or thereafter, and with limits of not less than:

        i)       Each Occurrence - $1,000,000
        ii)      General Aggregate - $2,000,000
        iii)     Products-Completed Operations Aggregate - $2,000,000
        iv)     Personal & Advertising Injury -$1,000,000

\* \* \*

E.    **Excess or Umbrella Liability Insurance,** affording coverage no less broad than, and applying excess of the limits of liability, of the policies required by 3,B., 3.C, and 3D., above, with limits of not less than $2,000,000 per occurrence and in the aggregate.

\* \* \*

2.    <u>Additional Insureds.</u> To the extent allowed by law, the Commercial General Liability Insurance, Business Automobile Liability Insurance, and Excess or Umbrella Insurance required by 3.C., 3,D., and 3.E., above, shall be endorsed to provide that the Indemnified Parties (collectively, "the Additional Insureds"), are added as additional insureds *for liability arising out of the Work, to include liability based on either alleged fault or vicarious liability. Such additional insured coverage shall not be limited to liability caused by Contractor or Contractor's fault.*

(See Exhibit "1" at Agreement 000051-000053)(emphasis added)

5.5    The Additional Insured Endorsement in the Primary Policy provides, in relevant part:

> ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONTRACT OR AGREEMENT – ONGOING OPERATIONS AND PRODUCTS-COMPLETED OPERATIONS (TEXAS LIMITED SOLE NEGLIGENCE)
>
> A.    **Section II – Who Is An Insured** is amended to include as an additional insured:
>
>     1.    Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement in effect during the term of this policy that such person or organization be added as an additional insured on your policy; and
>
>     2.    Any other person or organization you are required to add as an additional insured under the contract or agreement described in Paragraph 1. above; and
>
>     3.    The particular person or organization, if any, scheduled above.
>
> Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising

**COMPLAINT FOR DECLARATORY JUDGMENT—Page 9**

injury" occurring after the execution of the contract or agreement described in Paragraph 1. above and caused, in whole or in part, by:

    a.    Your acts or omissions; or
    b.    The acts or omissions of those acting on your behalf in the performance of your ongoing operations for the additional insured; or
    c.    "Your work" performed for the additional insured and included in the "products-completed operations hazard" if such coverage is specifically required in the written contract or agreement.

With respect to liability of the additional insured for "bodily injury" of an employee or agent of a named insured or the employee of a named insured's subcontractor, coverage shall apply for the partial or sole negligence of the additional insured, but only if such coverage is specifically required in the written contract or agreement.

However, the insurance afforded to such additional insured(s) described above:

    a.    Only applies to the extent permitted by law;
    b.    Will not be broader than that which you are required by the contract or agreement to provide for such additional insured;
    c.    Will not be broader than that which is afforded to you under this policy; and
    d.    Nothing herein shall extend the term of this policy.

\* \* \*

(See Exhibit "3" at Rebel Primary 000158-000160)

5.6    The Umbrella Policy includes as an "insured" the following:

3.    Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.

Subject to Section III -- Limits Of Insurance, if coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

a.    Required by the contract or agreement, less any amounts payable by any "underlying insurance"; or
b.    Available under the applicable Limits of Insurance shown in the Declarations;
    whichever is less.

Additional insured coverage provided by this insurance will not be broader than coverage provided by the "underlying insurance".
No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

(See Exhibit "4" at Rebel Umbrella 000013-000030)

**COMPLAINT FOR DECLARATORY JUDGMENT—Page 10**

5.7     PSWA does not qualify as an additional insured because the Agreement limits additional insureds to Developer's directors, officers and employees.  In addition,  the Agreement requires that Rebel obtain additional insured coverage for FFP for "liability arising out of the Work, to include liability based on either alleged fault or vicarious liability."  By its express terms, the additional insured requirement is not limited to liability caused by Contractor or Contractor's fault.

5.8     Under the Texas Anti-Indemnity Statute, a provision in a construction contract requiring an indemnitor to indemnify or insure a party for a claim based on its own negligence or fault is void and unenforceable.  Section 151.104 of the Texas Anti-Indemnity Statute provides:

> (a)     Except as provided by Subsection (b), a provision in a construction contract that requires the purchase of additional insured coverage, or any coverage endorsement, or provision within an insurance policy providing additional insured coverage, is void and unenforceable to the extent that it requires or provides coverage the scope of which is prohibited under this subchapter for an agreement to indemnify, hold harmless, or defend.

§ 151.104 Tex. Ins. Code.

5.9     Because the "Additional Insureds" provision in the Agreement requires Rebel to obtain additional insured coverage for FFP for  liability or damages caused by FFP's own fault, the provision is void and unenforceable under the Texas Anti-Indemnity Statute.  NTIC therefore requests a declaration that FFP (or PSWA if it qualifies as an additional insured under the Agreement) is not entitled to coverage as an additional insured  under the Primary Policy or the Umbrella Policy.

## VI.
## PRAYER

6.1     NTIC requests that the Court enter a judgment declaring that (1) the indemnity provision and the additional insured provision in the Agreement are void and unenforceable, and,

(2) the FFP or PSWA is not entitled to coverage as an additional insured under the Primary Policy or the Umbrella Policy. NTIC also requests that the Court grant it all other further relief to which it may show itself entitled.

    Respectfully submitted,

    */s/ J. Richard Harmon*
    **J. Richard Harmon**
    **Attorney-in-Charge**
    rharmon@thompsoncoe.com
    State Bar No. 09020700
    **Linda Szuhy Ressetar**
    lressetar@thompsoncoe.com
    State Bar No. 24033250
    **THOMPSON, COE, COUSINS & IRONS, L.L.P.**
    700 N. Pearl Street, Twenty-Fifth Floor
    Dallas, Texas 75201
    Telephone (214) 871-8200
    Facsimile (214) 871-8290

    **COUNSEL FOR PLAINTIFF**
    **NATIONAL TRUST INSURANCE COMPANY**